# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| KRISTIN R. BLEECKER, as mother and natural guardian of Mackenzie A. Bleecker, Spencer Q. Bleecker, and Griffin C. Bleecker, minors, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 05 C 7309 |
| KERMIT K. KRANTZ, as successor trustee of the Edward G. Krantz Trust, | ) ) ) ) | Robert W. Gettleman |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kristin R. Bleecker ("Plaintiff"), on behalf of her three minor children, filed a four-count amended complaint ("complaint") against defendant Kermit T. Krantz, Successor Trustee of the Edward G. Krantz Trust ("Trust"), seeking to remove defendant as trustee, to prohibit a relative or any other insider or friend of defendant from serving as his successor, and to appoint a neutral third party approved by the court as trustee. Plaintiff's claims stem from allegations that defendant breached his fiduciary duty as trustee. The complaint was brought in this court on the basis of diversity jurisdiction. Defendant has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), arguing that plaintiff's complaint fails for lack of subject matter jurisdiction under the probate exception and due to the absence of the necessary minimum amount in controversy under 28 U.S.C. § 1332(a). For the reasons set forth below, defendant's motion to dismiss is denied.

## FACTS

Plaintiff is the natural mother of Mackenzie, Spencer and Griffin, who are all named minor beneficiaries of the Trust. Plaintiff and her children are all citizens of the State of Illinois.

Defendant is a citizen of the State of Kansas. Defendant is the successor trustee of the Trust, an Illinois trust dated February 12, 2000, and amended as of July 31, 2003. Edward G. Krantz, the grantor, died in January 2004. Defendant's children are also among the named beneficiaries of the Trust. The First Amendment to the Trust, which has a corpus of over $1,000,000, provides that upon the death of the grantor:

> "The remaining principal of the trust estate, as then constituted, shall be held as a separate trust for the benefit of the then living children of Sarah Krantz, Pamela Huffstutter, Kermit T. Krantz, and Kristin Bleeker [sic] as well as the children of Sarah Krantz, Pamela Huffstutter, Kermit T. Krantz and Kristin Bleeker [sic] who are born after the establishment of such separate trust and before the distribution of all the assets constituting such separate trust." The First Amendment to the Trust further provides that "during the period when any of the Beneficiaries are under the age of twenty-two (22) years, the Trustee shall distribute to or for the benefit of any of the Beneficiaries, as the Trustee shall designate … any or such amount or amounts of the net income and principal … without the necessity of observing any precept or rule of equality, from time to time determine to be appropriate for the health, education, maintenance and support of each said Beneficiary."

The complaint alleges that defendant breached his fiduciary duties by making numerous improper withdrawals from the Trust. During 2004 defendant made several withdrawals and distributions from the Trust of at least $32,000 for educational expenses for his children in addition to $13,000 the previous year for such expenses. Additionally, plaintiff alleges that defendant made several more withdrawals from the Trust for the benefit of his own children in 2005 and 2006. Plaintiff also alleges that defendant denied her request for reimbursement of tuition expenses for her daughter, Mackenzie. Plaintiff also claims that defendant has spent over $168,000 for his personal use, and that he has refused to provide her with an annual current accounting of the Trust.

Defendant does not contest that all of plaintiff's children are beneficiaries of the Trust. Defendant contends, however, that until the children reach the age of 22 he is vested with the

discretion to disburse the Trust as he deems appropriate with no obligation to make such disbursements equally to the beneficiaries. Defendant further contends that the withdrawals he made from the Trust for the benefit of his own children were for the reimbursement of their college expenses. Defendant denied plaintiff's request for tuition reimbursement costs for her daughter because none of plaintiff's children have yet reached college age. Defendant contends that he did provide plaintiff with true and accurate copies of the trust agreement and accountings for 2004 and 2005. He further contends that he has provided plaintiff with records reflecting all the activity on the Trust for January 1, 2006 through May 12, 2006. Defendant claims that at all times since his appointment as trustee he has loyally and diligently managed and administered the Trust.

## STANDARD OF REVIEW

Rule 12(b)(1) motions to dismiss are either premised on facial or factual attacks on jurisdiction. Villasenor v. Indus. Wire & Cable, Inc., 929 F. Supp. 310, 311 (N.D. Ill. 1996). Facial attacks challenge the sufficiency of the pleadings, while factual attacks challenge the "factual existence of subject matter jurisdiction." United States v. Ritchie, 15 F.3d 592, 598 (6th Cir.), cert. denied, 513 U.S. 868 (1994). In either case, the party asserting jurisdiction bears the burden of proof on a 12(b)(1) issue. United Phosphorus, Ltd. v. Angus Chemical Co., 322 F.3d 942, 946 (7th Cir. 2003). In reviewing a facial challenge to subject matter jurisdiction, the court will accept all well-pleaded facts in the plaintiff's complaint as true and will draw all reasonable inferences in favor of the plaintiff. Storm v. Storm, 328 F.3d 941, 943 (7th Cir. 2003).

## DISCUSSION

Defendant has moved to dismiss arguing that: (1) plaintiff's complaint is barred by the probate exception to federal jurisdiction; and (2) plaintiff's complaint, on its face, fails to state

3

the required jurisdictional amount in controversy under 28 U.S.C. § 1332(a). Because this court finds that the complaint is outside the probate exception and the required amount in controversy is satisfied, defendant's motion to dismiss is denied.

**Probate Exception**

It is well-established that a federal court lacks jurisdiction to "probate a will or administer an estate." Markham v. Allen, 326 U.S. 490, 494 (1946); see also Dragan v. Miller, 679 F.2d 712, 713 (7th Cir. 1982). Under the probate exception, even if the requirements of diversity jurisdiction are met, a federal court will lack jurisdiction over claims involving probate matters. Storm, 328 F.3d at 943. Until recently, the precise "contours of the exception [were] vague and indistinct." Georges v. Glick, 856 F.2d 971, 973 (7th Cir. 1988). Courts generally viewed the exception as extending to any case "ancillary to the probate of a will." Id. The Supreme Court has since clarified the scope of the probate exception in Marshall v. Marshall, 126 S. Ct. 1735 (May 1, 2006). In that case, the Court declared that the probate exception "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate." Id. at 1748. The Court further clarified that the probate exception prohibits federal courts from disposing of property in the custody of a state probate court. Id. Thus, if a claim does not involve the probate of a will or the administration of a probate estate, a federal court may adjudicate the matter provided there is a basis for federal jurisdiction. In Marshall, the widow alleged tortious interference with an inheritance expectancy. Id. at 1742. The Court found that this was a "widely recognized tort" that did not call for the probate of a will. Id. at 1748. Further, the Court noted that sound public policy did not favor the extension of the probate exception to the case. Id.

In the instant case, defendant contends that the Trust was clearly established as a will substitute and that the probate exception applies to disputes over trusts if, as a practical matter, the dispute is more appropriately before a state court. While the latter proposition may be correct, the nature of the dispute must involve the probate or annulment of a will for the probate exception to apply. See Marshall, 126 S. Ct. at 1748. After both parties' briefs were submitted in this case, the Seventh Circuit decided Jones v. Brennan, ___ F.3d ___, 2006 WL 2337610 (7th Cir. Aug. 14, 2006), a case factually similar to the instant case. In Jones, the plaintiff filed a § 1983 action against several Cook County probate judges and other public officials alleging that the defendants conspired to deprive her of her property in violation of the Due Process Clause. Id. at *1. The plaintiff alleged that the judges failed to require the guardians of the estate to file appearances or provide accountings of the estate, and further alleged that she was prevented from spending time with her father before he died. Id. The plaintiff also made several allegations of the mismanagement of her father's estate. Id. at *3. The court found that the complaint was, in part, alleging the "maladministration of her father's estate [which] … was tantamount to asking the federal district court to take over the administration of the estate," a complaint that clearly violated the probate exception. Id. The court further noted, however, that she may also have a claim for breach of fiduciary duty, a claim that asks the court to impose tort liability rather than to administer the estate. Id. In the instant case, because plaintiff also has a claim for breach of fiduciary duty, her complaint falls outside the reach of the probate exception.

In addition, the policy considerations underlying the probate exception do not apply to the instant case. One rationale behind the probate exception is the notion of judicial economy. Georges, 865 F.2d at 974. By limiting probate matters and will contests to state courts,

"questions as to a will's validity can be resolved concurrently with the task of estate administration." Id. However, where the issue before the court is not a will contest *per se*, the application of the probate exception becomes less clear cut. In Ogle v. Fuiten, 102 Ill. 2d 356, 364, 466 N.E.2d 225, 227 (1984), the Illinois Supreme Court held that claims of negligence and breach of contract regarding the drafting of a will are not part of a will contest. Thus, they are not "impermissible collateral attacks on the judicial determination of the validity of a testator's will." Id. In the instant case, plaintiff does not challenge the validity of the Trust itself, but alleges a breach of duty in the administration of the Trust. Thus, even if the Trust were to be equated with a will (a doubtful proposition), plaintiff seeks to impose tort liability; her claim is not an impermissible collateral attack on the determination that the Trust was valid when created.

The probate exception was also created, in large part, to prevent federal courts from interfering with state probate proceedings. Georges, 856 F.2d at 974. In the instant case, defendant argues that plaintiff's complaint asks this court to administer the estate, a responsibility vested with the probate court that initially dealt with the Trust. However, plaintiff is not asking this court to administer the estate. Rather, plaintiff is merely seeking relief for the alleged tortious behavior of the trustee. Thus, plaintiff's claim based on defendant's breach of fiduciary duty falls outside the reach of the probate exception.

**Amount in Controversy**

To establish federal jurisdiction, it is not enough that plaintiff's suit is not entirely barred by the probate exception. She must also establish diversity. See Jones, ___ F.3d ___, 2006 WL 2337610, at *4. Thus, if either of the requirements of 28 U.S.C. § 1332 are not met – diversity of citizenship and the minimum amount in controversy ($75,000) – the complaint will be

dismissed regardless of the inapplicability of the probate exception. In the instant case, it is clear that the parties are of diverse citizenship – defendant is a citizen of Kansas and plaintiff is a citizen of Illinois. The issue is whether the amount in controversy is at least $75,000 exclusive of costs and interest. The amount claimed by the "proponent of federal jurisdiction controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." St. Paul Mercury Indem. Co. v. Red Cab. Co., 303 U.S. 283, 288-89 (1938). While the proponent of jurisdiction may be required to prove facts determining the amount in controversy, once established, the "proponent's estimate of the claim's value must be accepted unless there is legal certainty that the controversy's value is below the threshold." Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 541 (7th Cir. March 22, 2006).

Where a plaintiff's allegation of the amount in controversy is challenged, the plaintiff must "support its assertion with competent proof." Rexford Rand Corp. v. Gregory Ancel, 58 F.3d 1215, 1218 (7th Cir. 1995). Competent proof means "proof to a reasonable probability that jurisdiction exists." Id. However, in an action seeking equitable relief, "the amount in controversy is measured by the value of the object of the litigation." Id. In the instant case, the object of litigation is the Trust and the potential damages resulting from its misuse. Defendant cites Macken ex rel. Macken v. Jensen, 333 F.3d 797 (7th Cir. 2003), in support of his argument that plaintiff's alleged amount in controversy falls well short of the statutory minimum. In that case, the mother of two beneficiaries of a trust sued the trustee in federal court on the basis of diversity jurisdiction. Id. at 798. The plaintiff sought an accounting and unredacted copies of the trust documents. Id. The Seventh Circuit held that she had failed to establish the requisite amount in controversy. Although Macken is factually similar to the instant case, it is clearly

distinguishable. In the instant case, unlike <u>Macken</u>, plaintiff is also seeking damages for defendant's breach of fiduciary duty. Plaintiff specifically alleges numerous improper withdrawals by defendant, including $168,000 for personal use. Consequently, plaintiff has met her burden of establishing the jurisdictional amount.

## CONCLUSION

For the reasons discussed above, defendant's motion to dismiss for lack of subject matter jurisdiction is denied. Defendant is directed to answer the complaint on or before October 18, 2006. The parties are directed to file a Joint Status Report using the court's form on or before October 21, 2006. This matter is set for a report or status October 31, 2006 at 9:00 a.m.

**ENTER:** **September 27, 2006**

_____
**Robert W. Gettleman**
**United States District Judge**

.